## LABADIE vs. GUERIN.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A testamentary executor, claiming the possession of the estate, but not showing that the execution of the will has been authorised by the Court of Probates, must be considered as a mere stranger; and against him the heir for a part only, is entitled to the possession of the whole estate.

An act which is forbidden, may become lawful by the happening of a contingency which renders it necessary and regular.

This action was brought by an heir to recover the succession of her deceased grand-son, in the possession of the defendant. He died a minor, a few days after his father's death. The defendant was enjoined from selling or disposing of the property belonging to the succession claimed.

The defendant specially denied the plaintiff's alleged heirship; averred that the death of the son preceeded that of the father, who thereby became the heir of the former; and that by the father's will he was appointed his executor, and as such was entitled to the possession of his property. He did not however show that the will had been admitted to probate.

Judgment was rendered for the plaintiff and the defendant appealed.

The opinion of the court, MATHEWS, J. absent, was delivered by MARTIN, J.

The plaintiff, as grand-mother and heir of V. Labadie, claims his estate in the hands of the defendant, and prays he may be enjoined from selling it.

The defendant denied the plaintiff being heir, or having any interest in the estate, averred that he is executor to the will of Dr. Labadie, father of the plaintiff's alleged grandson, and as such possessed himself of the testator's estate, and was preparing to sell it, in pursuance of the directions of the will; that V. Labadie left a half sister on the mother's side, and a niece, the daughter of another half sister on the maternal side.

The plaintiff had judgment and the defendant appealed.

The record shows the death of V. Labadie, his father, and mother, there is no evidence of his having left any dependant or collateral relations, as stated in the answer.

A testamentary executor, claiming the possession of the estate, but not showing that the will has been authorised by the Court of Probates, must be considered as a mere stranger; and against him the heir for a part only, is entitled to the possession of the whole estate. The defendant has not shown that the executor of the will was authorised by the Court of Probates. He must, therefore, be considered as a mere stranger, against such the plaintiff must not necessarily show herself entitled to the whole estate, to demand the surrender of it. It suffices she should show she is heir for a part.

She has shown she is the paternal grand-mother, but she has not shown that the paternal grand-father, nor the maternal grand-father, are dead. It is, therefore, possible, that she is entitled to one-fourth only of the estate, and this suffices to entitle her to recover the whole of it from a stranger.

An act which is forbidden, may become lawful by the happening of a contingency which renders it necessary and regular. We had doubts whether the judge did not err in making the injunction to sell the estate, as the will of the father may be proved, and ordered to be executed, and the executor then be authorised to sell, but we have considered that an act

inhibited to be done, may become lawful by the happening of a contingency, which renders it necessary and regular.

Eastern Dis.
*May*, 1833.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

*Wadsworth*, for appellant.

*Roselius* and *McMillen*, for appellee.